Marcus A. MALEY, Plaintiff–
Appellant,

v.

CITY OF GARNETT, Garnett Police
Department, Mike Carpenter, and Eu-
gene McCleod, Defendants–Appellees.

No. 12–3235.

United States Court of Appeals,
Tenth Circuit.

Jan. 31, 2013.

Marcus A. Maley, Garnett, KS, pro se.

Terelle Ashley Mock, Teresa Lynn Wat-
son, Fisher, Patterson, Sayler & Smith,
Topeka, KS, for Defendants–Appellees.

Before KELLY, TYMKOVICH, and
GORSUCH, Circuit Judges.*

**ORDER AND JUDGMENT\*\***

TIMOTHY M. TYMKOVICH, Circuit
Judge.

Marcus A. Maley filed a civil complaint
against the City of Garnett, Kansas, the
Garnett Police Department, and two indi-
viduals, making vague allegations relating
to garnishments arising from his partic-
ipation in the federal Social Security pro-
gram. While Maley alleges violations of
18 U.S.C. § 1581, which criminalizes hold-
ing someone in debtors' servitude, the fac-
tual particulars underlying his claim are
almost nonexistent.

In the district court, Maley's complaint
was referred to a magistrate judge. Be-
cause Maley was proceeding in forma pau-
peris, the magistrate judge screened Ma-
ley's complaint, pursuant to 28 U.S.C.
§ 1915, to determine whether it (1) was
frivolous or malicious, (2) failed to state a
claim, or (3) seeks monetary damages from
an immune defendant. The magistrate
judge found that Maley's complaint failed
to state a claim upon which relief could be
granted. The district court, in reviewing
the magistrate judge's report, noted there
were no factual averments supporting Ma-
ley's claim, nor was there any indication
that Congress had created a private right
of action when it passed § 1581. *See Kaw
Nation v. Springer*, 341 F.3d 1186, 1191
(10th Cir.2003) (noting that Congress,
when passing a criminal statute, must have
explicitly or implicitly intended to create a
private cause of action for one to exist).
Maley filed an objection to the magistrate
judge's report. Nevertheless, the district
court adopted the report in its entirety and
dismissed Maley's complaint.

Maley now appeals the district court's
dismissal, and we exercise jurisdiction over
his appeal under 28 U.S.C. § 1291. While
we review the district court's dismissal of a
complaint de novo, *Casanova v. Ulibarri*,
595 F.3d 1120, 1124 (10th Cir.2010), Maley
offers us no reason to question the district
court's judgment. On appeal, Maley offers
more factual details than he did in his
original complaint—apparently, the com-
plaint arises from the Garnett Police De-
partment's unwillingness to take seriously
his claims that he is an ongoing victim of
slavery, terrorism, and torture at the

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. *See* Fed. R.App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore or-
dered submitted without oral argument.

\*\* This order and judgment is not binding prec-
edent except under the doctrines of law of the
case, res judicata and collateral estoppel. It
may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

hands of unspecified persons. These allegations, even if they had been included in the original complaint, would not have been sufficient to make out a plausible claim. *See id.* ("Courts must evaluate whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). Accordingly, we AFFIRM for substantially the same reasons as the district court.

We also DENY Maley's letter of December 21, 2012, which has been construed as a motion to abate his case.